# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA J. GONZALES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-1358 |
| | § | |
| CORGAN ASSOCIATES, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant*. | § | |

## JOINT RULE 26(f) REPORT

Plaintiff Cynthia J. Gonzales ("Plaintiff") and Defendant Corgan Associates, Inc. ("Defendant") (collectively, the "Parties") submit this Joint Report pursuant to the Court's Order of July 10, 2025 (Dkt. #13).

1. **Brief description of the nature of the case and the claims and defenses:**

Plaintiff alleges pregnancy discrimination, failure to accommodate, retaliation, and hostile work environment under Title VII, the Pregnant Workers Fairness Act, and the Texas Labor Code. She contends that although she had a positive performance record, including raises, bonuses, and peer recognition, Corgan revoked her flexible work privileges and placed her on a performance improvement plan within days of disclosing her pregnancy to Human Resources. Plaintiff further alleges that Corgan terminated her one week later for reporting two minutes after her assigned start time, while male and non-pregnant employees who engaged in similar or more significant conduct were not disciplined. Defendant denies that Plaintiff's termination was discriminatory or related to her pregnancy. It asserts that Plaintiff was terminated for legitimate, documented performance issues and misuse of the Flexible Work Environment (FWE) Policy, which occurred prior to her pregnancy disclosure.

Defendant maintains that no accommodation was requested, and it was unaware of any need for one. It further denies any unlawful conduct and asserts multiple affirmative defenses, including failure to mitigate, good faith managerial discretion, and statutory limitations on damages.

**Identity of any related proceedings:**

None.

2. **Proposed deadline to file motions for leave to join other parties:**

October 1, 2025.

3. **Proposed deadline to amend pleadings:**

October 15, 2025.

4. **Proposed deadline to file dispositive motions:**

June 12, 2026.

5. **Proposed deadline for initial designation of experts:**

March 2, 2026.

6. **Proposed deadline for responsive designation of experts:**

April 3, 2026.

7. **Proposed deadline for objections to experts (e.g., *Daubert* motions):**

July 17, 2026.

8. **Proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues:**

The parties propose that all factual discovery be completed by May 1, 2026, and all expert discovery be completed by May 29, 2026. No phased discovery is proposed at this time.

The parties intend to conduct standard discovery related to liability, damages, and comparators in a single-plaintiff Title VII, Pregnant Workers Fairness Act, and Texas Labor Code discrimination, retaliation, and accommodation lawsuit. Discovery will include written requests (interrogatories, requests for production, and requests for admission) and depositions of fact and expert witnesses. The parties propose not to have discovery conducted in phases and further propose no additional limits other than those imposed by the Federal Rules of Civil Procedure and the Local Rules.

9. **Changes which should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and any other limitations which should be imposed:**

   None at this time.

10. **Proposed trial date as well as an estimated number of days required for trial, and whether a jury has been properly demanded:**

    October 12, 2026. The estimated length of the trial is currently 4 to 5 days.

11. **Proposed date for further settlement discussions:**

    The parties have engaged in preliminary settlement discussions and anticipate continuing those discussions throughout the litigation. The parties propose that further settlement negotiations, including mediation with a neutral third party, be conducted by May 6, 2026.

12. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

    The parties have no objection to Rule 26(a)(1) disclosures. The parties will exchange initial disclosures by September 10, 2025.

13. **Whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge:**

    The parties do not consent to trial before a U.S. Magistrate Judge at this time.

**14. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.):**

The parties are open to mediation after limited discovery. The Parties have also engaged in preliminary settlement discussions and anticipate continuing those discussions throughout the litigation. The Parties propose that further settlement negotiations, including mediation with a neutral third party, be conducted by May 6, 2026.

**15. Other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:**

None at this time.

**16. Any other matters relevant to the status and disposition of this case, including other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c).**

None at this time.

[*Signature on following page.*]

Dated:  August 20, 2025                           Respectfully submitted,

| **WALLS LANDRY BAKER & OLIVER, PLLC** | **GORDON REES SCULLY MANSUKHANI, LLP** |
|---|---|
| */s/ Patrick M. W. Arnold* <br> Patrick M. W. Arnold <br> State Bar No. 24109596 <br> parnold@wlbofirm.com <br> 5910 North Central Expy, Ste. 1560 <br> Dallas, Texas 75206 <br> (214) 265-1231 – Telephone <br> (972) 280-7634 – Facsimile <br><br> **ATTORNEY FOR PLAINTIFF** | */s/ Nellie Gomez* <br> **Laura E. De Santos** <br> State Bar No. 00793612 <br> ldesantos@grsm.com <br> **Nellie Gomez** <br> State Bar No. 00798211 <br> ngomez@grsm.com <br> 1900 West Loop South, Suite 1000 <br> Houston, Texas 77027 <br> Telephone:  (713) 961-3366 <br> Facsimile:  (713) 961-3938 <br><br> **Soña J. Garcia** <br> State Bar No. 24045917 <br> sjgarcia@grsm.com <br> 2200 Ross Avenue, Suite 3700 <br> Dallas, Texas 75201 <br> Telephone:  (214) 231-4660 <br> Facsimile:  (214) 461-4053 <br><br> **ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I certify that on August 20, 2025, the foregoing document was filed and served using the Court's ECF system.

                                                  */s/ Patrick M. W. Arnold*
                                                  Patrick M. W. Arnold